UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY D.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C19-728-MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by finding at step four that she could perform her past work and by discounting her subjective statements. (Dkt. # 10 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.     BACKGROUND

Plaintiff was born in 1961, has a high school diploma, and has worked as an electronics factory assembler and operator. AR at 185, 193, 211. Plaintiff was last gainfully employed in 2014. *Id.* at 193, 211.

1    In October 2015, Plaintiff applied for benefits, alleging disability as of November 7,

2    2014. AR at 164-65. Plaintiff's application was denied initially and on reconsideration, and

3    Plaintiff requested a hearing. *Id.* at 91-97, 99-105. After the ALJ conducted a hearing on

4    September 27, 2017 (*id.* at 32-65), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at

5    15-27.

6        Utilizing the five-step disability evaluation process,[1] the ALJ found:

7        Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

8

9        Step two: Plaintiff's degenerative disc disease and chronic pain are severe impairments.

10       Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

11       Residual Functional Capacity: Plaintiff can perform light work with additional
         limitations: she can lift/carry up to 20 pounds occasionally and up to 10 pounds
12       frequently. She must work in a job where some of the work is performed at a workstation
         or desk, but the job also includes some duties that would involve getting up to go get
13       tools or files or give something to someone so that she could limit her standing/walking
         to approximately four hours and could sit for approximately six hours out of an eight-
14       hour work day (with normal breaks). She can occasionally climb ramps or stairs, balance,
         stoop, kneel, and crouch. She can never climb ladders, ropes, or scaffolds, or crawl. She
15       can frequently reach overhead. She must avoid concentrated exposure to excessive
         vibration and workplace hazards such as working with dangerous machinery and at
16       unprotected heights.

17       Step four: Plaintiff can perform past relevant work, and is therefore not disabled.

18   AR at 15-27.

19       As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the

20   Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the

21   Commissioner to this Court. (Dkt. # 10.)

22

23
     _____
     [1] 20 C.F.R. § 404.1520.
     [2] 20 C.F.R. Part 404, Subpart P, Appendix 1.


     ORDER - 2

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

### IV.   DISCUSSION

#### A.   The ALJ Erred at Step Four

At step four, the ALJ found that Plaintiff could perform her past work as an electronics inspector as generally and actually performed, as well as her work as an electronics assembler as actually performed. AR at 26-27. The Commissioner concedes that the ALJ erred in finding that Plaintiff could perform the job of electronics assembler, and argues that this error is harmless if

1  the ALJ did not err in finding that Plaintiff could perform her past work as an electronics

2  inspector. (Dkt. # 11 at 7.) For the following reasons, the Court finds that the ALJ did err in

3  finding that Plaintiff could perform her past work as an electronics inspector because the ALJ

4  failed to make any findings supported by substantial evidence establishing that this job meets the

5  regulatory definition of past relevant work.

6          *1.      Legal Standards*

7          Plaintiff bears the burden at step four of demonstrating that she can no longer perform her

8  past relevant work. 20 C.F.R. §§ 404.1512(a), 404.1520(f); *Barnhart v. Thomas*, 540 U.S. 20, 25

9  (2003). Past relevant work is work generally (1) performed within the past fifteen years, (2)

10  constituting SGA, and (3) lasting long enough for the individual to have learned how to perform

11  the work. *See* 20 C.F.R. §§ 404.1560(b)(1), 404.1565(a).

12          *2.      Recency*

13          Plaintiff argues that the ALJ erred in considering her prior job as an electronics inspector

14  as "past relevant work" because it was not performed within 15 years of the ALJ's decision.

15  (Dkt. # 10 at 5-6.) The ALJ's written decision finds that Plaintiff performed the electronics

16  inspector job from 2001 through 2014, but the Commissioner acknowledges that she actually

17  performed this job from 1994 to 2001. (Dkt. # 11 at 6.) The Commissioner contends that

18  Plaintiff's hearing testimony about similarities between the job she performed in 1994-2001 and

19  the other jobs she performed more recently for the same corporation indicate that there was a

20  "continuity of skills, knowledge, and processes" between the electronics inspector job and her

21  more recent jobs, which were recent enough to constitute past relevant work. (*Id*. (quoting Social

22  Security Ruling 82-62, 1982 WL 31386 at *2 (Jan. 1, 1982)).)

23

1    It is possible that Plaintiff's past jobs contain such a continuity that her electronics

2 inspector job could be found to meet the regulatory definition of past relevant work, but the

3 ALJ's decision contains no such finding and instead erroneously indicates that Plaintiff worked

4 as an electronics inspector from 2001-2014, and thus does not address the recency issue at all.

5 AR at 26. Remand is necessary for the ALJ to consider the recency question in the first instance.

6    **B.    The ALJ Erred in Discounting Plaintiff's Subjective Testimony**

7    The ALJ discounted Plaintiff's testimony because her activities were inconsistent with

8 her allegations, and because the medical evidence did not corroborate Plaintiff's allegation of

9 disability. AR at 24-25. Plaintiff argues that the ALJ's reasons were not clear and convincing, as

10 required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

11    Plaintiff contends that in finding her activities to be inconsistent with her allegations, the

12 ALJ did not explain how any of the cited activities actually contradicted any particular

13 allegation. (Dkt. # 12 at 7.) That is generally true of the ALJ's findings, because most of the

14 activities described by the ALJ are not inherently inconsistent with the evidence cited by the

15 ALJ, with two exceptions: Plaintiff's use of an assistive device when walking, and her allegation

16 of decreased strength. AR at 25-26. The ALJ noted that Plaintiff testified she required the use of

17 an assistive device when walking (*id*. at 24), and the ALJ found that testimony to be inconsistent

18 with the record, but most of the evidence cited by the ALJ corroborates rather than contradicts

19 that testimony. *Id*. at 25 (citing *id*. at 368-81, 387-98, 399-402, 406, 429-39, 444-530). The ALJ

20 also noted that Plaintiff testified that she experienced decreased strength (*id*. at 24 (referencing

21 *id*. at 47)), but cited records showing full extremity strength upon examination. *Id*. at 25 (citing

22 *id*. at 368-81, 387-98, 399-402, 406, 429-39, 444-530). Plaintiff testified that her back problems

23 caused weakness down the left side of her leg when sitting or walking (*id*. at 46), and this type of

weakness would not necessarily be measured by testing extremity strength in isolation; the ALJ did not cite substantial evidence contradicting Plaintiff's testimony of weakness when walking or sitting. Thus, the ALJ's findings regarding activities do not demonstrate inconsistencies between Plaintiff's allegations and activities, and thus do not constitute a clear and convincing reason to discount Plaintiff's testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

The ALJ's remaining reason to discount Plaintiff's subjective testimony — lack of corroboration in the medical evidence — is not sufficient to solely support the ALJ's determination. *See, e.g., Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986) ("[I]t is improper as a matter of law for an ALJ to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings."). Thus, because the ALJ failed to provide sufficient reasons to discount Plaintiff's testimony, her testimony must be reassessed on remand.

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider the step-four findings, Plaintiff's testimony, and any other portion of the decision as necessary.

Dated this 19th day of November, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge